United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENIZ BOLBOL, et al.,
Plaintiffs,

v.

JERRY BROWN, et al.,
Defendants.

Case No. 14-cv-03679-RMW

**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 27

Plaintiffs Deniz Bolbol and Joseph Cuviello filed this action against defendants Jerry Brown, the Governor of California, and Kamala Harris, the Attorney General of California, challenging the statutory procedures used by a California state court to issue restraining orders and an injunction against them under California's Workplace Violence Safety Act. Dkt. No. 16. Defendants move to dismiss plaintiffs' first amended complaint ("FAC") on several grounds, including sovereign immunity under the Eleventh Amendment, that the action is untimely, the *Rooker-Feldman* doctrine, and the doctrine of abstention. Dkt. No. 27, at 2. For the reasons set forth below, the court GRANTS defendants' motion to dismiss.

# I. BACKGROUND

## A. The Workplace Violence Safety Act

California's Workplace Violence Safety Act ("WVSA") provides a mechanism for an employer to seek a temporary restraining order and an injunction on behalf of an employee who

"has suffered unlawful violence or a credible threat of violence from any individual," and that violence or threat of violence "can reasonably be construed to be carried out or to have been carried out at the workplace." Cal. Civ. Proc. Code § 527.8(a). Upon filing a petition for an injunction, an employer may obtain an interim temporary restraining order ("TRO") if the employer "also files a declaration that, to the satisfaction of the court, shows reasonable proof that an employee has suffered unlawful violence or a credible threat of violence by the respondent, and that great or irreparable harm would result to an employee." *Id*. § 527.8(e).

A hearing must be held on the employer's petition for an injunction within 21 days, or 25 days if the court finds good cause, and the TRO under Section 527.8(e) remains in effect until the hearing. *Id*. § 527.8(g), (h). The respondent may file a response, and may appear at the hearing on his or her own behalf, or elect to be represented by counsel. *Id*. § 527.8(i), (l). At the hearing, "the judge shall receive any testimony that is relevant and may make an independent inquiry." *Id*. § 527.8(j). "If the judge finds by clear and convincing evidence that the respondent engaged in unlawful violence or made a credible threat of violence, an injunction shall issue prohibiting further unlawful violence or threats of violence." *Id*. The injunction may last for up to three years, and may be renewed for three more years upon the request of a party. *Id*. § 527.8(k)(1).

The statutory process for seeking a restraining order and injunction under Section 527.8 is "intended to parallel [the process] under section 527.6, which [is] procedurally truncated, expedited, and intended to provide quick relief to victims of civil harassment." *Kaiser Found. Hospitals v. Wilson*, 201 Cal. App. 4th 550, 557 (2011). Section 527.6 provides a person who has suffered harassment the right to seek an injunction. Under both Section 527.6 and 527.8, " the court must hold a hearing, receive relevant testimony, and issue the injunction if it finds, by clear and convincing evidence, that harassment exists." *Nora v. Kaddo*, 116 Cal. App. 4th 1026, 1028 (2004) (citations omitted). "[A]lthough the procedures set forth in [527.6] are expedited, they contain certain important due process standards. Most notably, a person charged with harassment is given a full opportunity to present his or her case, with the judge required to receive relevant testimony and to find the existence of harassment by 'clear and convincing' proof." *Id*. The

proceedings required by the Workplace Violence Safety Act in Section 527.8 are similar, and contain the same due process standards. *Kaiser Found. Hospitals*, 201 Cal. App. 4th at 557–58.

**B. Factual Background**

Plaintiffs are animal rights activists. FAC ¶ 2. Plaintiffs have for many years clashed with Ringling Brothers Circus over their use of animals in their shows. FAC ¶¶ 17–24. The events that gave rise to the WVSA restraining order at issue in this case took place in August, 2012.

On August 7, 2012 plaintiffs, with several associates, were involved in several physical altercations with employees of Feld Entertainment, Inc. ("Feld Entertainment"), doing business as Ringling Brothers and Barnum and Bailey Circus, as the employees led circus elephants from the train station in Oakland, California to the arena where the circus was scheduled to perform. FAC ¶¶ 29–32.

The Circus travelled to San Jose, California the following week, and plaintiffs videotaped Feld Entertainment employees on August 13, 2012 as they handled elephants in the parking lot of an arena in San Jose. FAC ¶¶ 34, 35, 41. Plaintiffs also travelled to a train station in Milpitas, California, where Feld Entertainment employees unloaded elephants for transport on trucks to San Jose. FAC ¶ 36–39. Plaintiffs coordinated with several associates during the day, including Sherisa Anderson and Shannon Campbell. *Id*. At some point on August 13, 2012, while in Milpitas, both Andersen and Campbell were detained by the Milpitas police "based on a claim from Circus Assistant General Manager David Bailey that Ms. Andersen and Ms. Campbell had attempted to run the Circus trucks off the road on the way over from San Jose." FAC ¶ 39.

**C. State Court Proceedings**

Later on August 13, 2012, Feld Entertainment filed an ex-parte petition for a restraining order against Bolbol, Cuviello, and Anderson under Section 527.8. FAC ¶ 11. Plaintiffs learned of the petition the following morning through plaintiff Bolbol's attorney. FAC ¶ 46. The petition alleged claims based on the events of both August 7 and 13, 2012. FAC ¶¶ 47, 49. The petition was set for a hearing at 9:00 a.m. that same day, August 14, 2012. FAC ¶ 46. Plaintiffs attended the hearing at the Superior Court in San Jose, California. FAC ¶ 37.

United States District Court
Northern District of California

At the hearing, the court issued a TRO against both plaintiffs and Ms. Anderson. FAC ¶ 49. The court based its decision on declarations submitted by Feld Entertainment employees, and did not take testimony from plaintiffs or Ms. Anderson. *Id*. The TRO required plaintiffs and Ms. Anderson to maintain a distance of fifteen feet from Feld Entertainment personnel, workplaces, homes, families, and vehicles. FAC ¶¶ 49, 50. Later that day, plaintiffs filed a "motion to dissolve [Feld Entertainment's] petition," which was heard and denied the following day, August 15, 2012. FAC ¶ 53.

The Section 527.8 hearing on the petition for an injunction took place on September 4, 5, 6, 12, 17, and 18, 2012. Dkt. No. 28, Ex. A ("Superior Court Order"), at 3.[1] The court found sufficient evidence supported an injunction against Bolbol, but that the evidence submitted was insufficient evidence to support an injunction against Cuviello or Andersen. *Id*. The court set a briefing schedule to consider a variety of motions and objections to the restraining order raised by plaintiffs. *Id*. These motions and objections included: (1) a motion to strike under California's Anti-SLAPP (Strategic Lawsuit Against Public Participation) Statute (Code Civil Procedure Section 425.16), filed by Bolbol, Cuviello, and Andersen; (2) a brief filed by Bolbol objecting on constitutional grounds to the issuance of the restraining order against her; and (3) a motion for a new trial or hearing under California Code of Civil Procedure Section 657. *Id*.

The court held a hearing on these motions and objections on January 14, 2013. After the hearing, the court issued a three-year injunction against Bolbol. *Id*. at 3–4. The court explained that plaintiffs' motions "were taken under submission with the understanding that the rulings of [the] Court could impact the continued viability of the restraining order against Respondent Bolbol." *Id*. at 4.

[1] Defendants request judicial notice of a state court order and the dockets of three appeals taken by plaintiffs' to the restraining order entered against Bolbol. Dkt. No. 28. These documents are judicially noticeable. *See* Fed R. Evid. 201(b) (court may take judicial notice of documents capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *see also Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (court documents already in the public record or documents filed in another court are proper subjects of judicial notice). Additionally, plaintiffs do not dispute that these documents are properly subject to judicial notice. The court therefore GRANTS defendants' request for judicial notice.

The state court issued its ruling on plaintiffs' various motions on April 10, 2013. *See id*. In its order, the court stated that Bolbol's motion for a new trial was "based on 1) 'newly discovered' video evidence obtained in discovery taken in a federal action involving the same parties, and 2) insufficiency of the evidence to support the issuance of a restraining order." *Id*. The court found that the video evidence was insufficient to support a motion for a new trial. *Id*. at 4. The court also rejected the argument that the injunction against Bolbol violated her First Amendment rights, and rejected Bolbol's arguments against issuance of the restraining order "based on theories of Petitioner's wrongdoing (including 'unclean hands,' lack of authority, the absence of a permit, blockage of public walkways and areas)." *Id*. at 5. The court also denied the anti-SLAPP motion, finding that "the actions which Petitioner sought to enjoin were not acts in furtherance of the Respondents' right of free speech or petition." *Id*. The court concluded that Feld Entertainment's petition "was supported by a prima facie showing of facts sufficient to sustain a favorable judgment or outcome. Although the Court ultimately determined that Petitioner failed to present clear and convincing evidence to support the issuance of the requested restraining orders against Respondents Andersen and Cuviello, the Court did so only after a careful consideration of conflicting video and testimonial evidence after several days of hearings." *Id*. at 6. Furthermore, "[t]he Court spent significant time reviewing the videotape evidence before concluding that the evidence was not clear and convincing that Respondent Cuviello committed a battery. The Court found that Respondent Bolbol did commit a battery against Feld employees," and "did not act in self defense." *Id*.

Bolbol, Cuviello, and Andersen all filed notices of appeal, which the Court of Appeal consolidated for briefing, oral argument and disposition. *See* Dkt. No. 28, Exs. B–D; Cal. Ct. App. 6th Dist. Nos. H039543, H039661, and H039662 (Oct. 2, 2013). Plaintiffs' appeals are pending.

**D. Procedural History**

Plaintiffs filed their original complaint in this action on August 14, 2014, and named the State of California as the sole defendant. Dkt. No. 2. After the State of California moved to

dismiss the complaint, *see* Dkt. No. 11, plaintiffs filed their FAC on January 20, 2015, naming the current defendants, the Governor and Attorney General of California, *see* Dkt. No. 16.

The FAC challenges the procedures set forth in Section 527.8 under the due process provisions of the Fifth and Fourteenth Amendments of the United States Constitution, and under the due process provision of Article 1, Section 7 of the California Constitution. FAC ¶¶ 92, 97, 102. Plaintiffs base their federal Constitutional claims on 42 U.S.C. § 1983. Plaintiffs contend that Section 527.8 is facially unconstitutional because "it does not provide proper and fair due process for a respondent to meaningfully defend against allegations" because the statute does not provide respondent the opportunity to conduct discovery, the result of which is respondents have no "fair opportunity to learn the identities of the witnesses against [the respondent] or even the specific allegations." FAC ¶ 84. According to the FAC, "[t]he procedures foster an environment that allows and encourages parties to exploit the procedures to avoid resolution of matters on the merits and, as in the underlying case, to perpetrate frauds on the court." FAC ¶¶ 94, 99, 104.

Plaintiffs also mount an as-applied challenge to Section 527.8. *See* FAC ¶ 86. Plaintiffs argue that "[b]y filing under [Section] 527.8 [Feld Entertainment] could control the evidence they had to produce, present witnesses that could perjure themselves without Plaintiffs' knowledge and keep Plaintiffs from obtaining documents and information that would have helped them defend and exonerate themselves against the baseless allegations." *Id*. As a result, plaintiffs "(1) had no opportunity to obtain [Feld Entertainment's] full videos of the August 7 animal walk, (2) had no knowledge of the witnesses who would testify against them (and thus no opportunity to depose the witnesses), and (3) had no knowledge of what the actual allegations were until [Feld Entertainment's] employees testified against them." FAC ¶ 58. The FAC alleges that plaintiffs obtained a police report through discovery in separate case which includes statements by Feld Entertainment employees that are inconsistent with their testimony against plaintiffs. FAC ¶¶ 65, 69-72. While these witnesses had testified that Bolbol had been involved in several physical altercations, plaintiffs allege that the police report indicates that the witnesses attributed this conduct to Andersen, not Bolbol. *Id*.

United States District Court
Northern District of California

## II. ANALYSIS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The FAC recites three claims for relief: two federal claims under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment, and a state claim for violation of the Due Process Clause of Article 1, Section 7 of the California Constitution. FAC ¶¶ 91–105.

Defendants move to dismiss the FAC on the grounds that: (1) the claims are barred by sovereign immunity under the Eleventh Amendment; (2) the action in untimely; (3) the action is barred by the *Rooker-Feldman* doctrine; and (4) the court should abstain from adjudicating the claims to avoid interfering with the pending appeals in state court. Because the court finds that sovereign immunity bars plaintiffs' claims against both defendants, the court does not address defendants' other arguments.

### A. Plaintiffs Concede Sovereign Immunity Bars Plaintiffs' State Law Claim

Plaintiffs concede in their opposition that Eleventh Amendment sovereign immunity bars

their state law claim. Dkt. No. 34, at 1. Accordingly, the court GRANTS defendants' motion to dismiss this claim with prejudice.

**B. Sovereign Immunity Bars Plaintiffs' Federal Claims**

"States are protected by the Eleventh Amendment from suits brought by citizens in federal court." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817, *amended by*, 271 F.3d 910 (9th Cir. 2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 did not abrogate a state's Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of California has not waived that immunity with respect to claims brought under Section 1983 in federal court, *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101 (citation and internal quotation marks omitted). The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id.* (citation omitted). "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101–02 (citation omitted).

An exception under *Ex Parte Young*, 209 U.S. 123 (1908), however, allows citizens to sue state officers in their official capacities "for prospective declaratory or injunctive relief . . . for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). The state official "'must have some connection with the enforcement of the act.'" *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). Such connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id.* (quoting *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).

Here, Eleventh Amendment sovereign immunity applies to plaintiffs' federal claims against the Governor and Attorney General of California. Plaintiffs seek a declaration that Section 527.8 is unconstitutional, as well as injunctive relief and damages. FAC, at 21. Plaintiffs' requested declaration and injunctive relief are targeted at the application of Section 527.8 in the

State of California generally, not by the particular defendants in this case. It is clear that plaintiffs' claims seek relief that is directed against the State of California, and such claims are barred under the Eleventh Amendment. That plaintiffs seek damages in addition to injunctive and declaratory relief does not change this conclusion. *Pennhurst*, 465 U.S. at 101–2 ("[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.").

Plaintiffs resist this conclusion by arguing that the limited exception to Eleventh Amendment immunity recognized by the Supreme Court in *Ex parte Young* applies to rescue plaintiffs' claims. Dkt. No. 34, at 5–9. Plaintiffs' arguments are largely based on their incorrect assertion that no "fairly direct" connection is required for *Ex parte Young* to apply, and that their claims may proceed so long as they can show the Governor and Attorney General have "some connection" to the enforcement of Section 527.8 *Id*. at 6. However, Ninth Circuit law is clear that a "fairly direct" connection is required. *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 398 (2014).

The FAC contains no factual allegations from which the court could plausibly conclude defendants have a "fairly direct" connection with the enforcement of Section 527.8. The FAC alleges that defendant Brown, as Governor of the State of California, is responsible for "ensur[ing] that laws of the State are properly enforced." FAC ¶ 8. The FAC also alleges that the Attorney General, is the State of California's chief legal officer, has a "duty to see that the laws of the State are uniformly and adequately enforced." FAC ¶ 9. Finally, the FAC alleges generally that "[d]efendants, and those subject to their supervision, direction, and control, are responsible for the enforcement" of Section 527.8.[2] FAC ¶ 10. A "general duty to enforce California law" is plainly insufficient to invoke the Ex parte Young exception to Eleventh Amendment immunity. *Harris*, 729 F.3d at 943.

[2] Plaintiffs appear to have inadvertently omitted from paragraph 10 of the FAC exactly what defendants and their subordinates are responsible for enforcing, but in light of the substance of the remainder of the FAC, the court presumes that paragraph 10 is intended to refer to Section 527.8.

Furthermore, while the Attorney General is the chief legal officer of California, and is therefore the direct supervisor of the State's district attorneys and law enforcement officials and ultimately responsible for the enforcement of California law and is, her connection to the enforcement of Section 527.8 is a general one and is not "fairly direct." As the defendants point out, Section 527.8 provides a mechanism for a *private party* to obtain a restraining order and injunction, and does not contemplate any role for state executive officers in enforcing the Statute. *See* Cal. Civ. Proc. Code § 527.8(a) ("Any *employer* . . . may seek a temporary restraining order and an injunction on behalf of the employee and, at the discretion of the court . . . .") (emphasis added).[3]

This case contrasts with the fact of *Harris,* where the Ninth Circuit affirmed a district court's denial of Eleventh Amendment immunity to the Attorney General in a case involving a challenge to California Health and Safety Code Section 25983. *Harris*, 729 F.3d at 942. California Health and Safety Code Section 25983 banned the sale of products that are the result of force feeding birds to enlarge their livers beyond normal size, such as foie gras. *Id*. Unlike Section 527.8, which provides a process by which a private party may seek a restraining order or injunction, the challenged statute in *Harris* "expressly authorize[d] enforcement of the statute by district attorneys and city attorneys." *Id*. at 943. Under the California Constitution the Attorney General not only has "direct supervision over every district attorney," but also has the duty "to prosecute any violations of law . . . [and] shall have all the powers of a district attorney," whenever she believes that the law is not being adequately enforced. *Id*. (alterations in original). The Ninth Circuit found that the Attorney General was not entitled to Eleventh Amendment immunity because the combination of the statutory provision of enforcement power to district attorneys and the Attorney General's duty to prosecute as a district attorney established sufficient enforcement power for *Ex parte Young*. *Id*. at 943–944. Here, Section 527.8 does not empower

[3] While Section 527.8 provides that the definition of "employer" includes federal and state officials, *see* Cal. Civ. Proc. Code § 527.8(b)(3), no federal or state officials are alleged to have sought a restraining order or injunction against plaintiffs in this case.

district attorneys to enforce the law, and accordingly the Attorney General's enforcement power is limited to her general duty to enforce California law. Because such a general duty is insufficient under *Ex parte Young*, the Eleventh Amendment bars plaintiffs' claims against the Attorney General.

Finally, plaintiffs note that Section 527.8 requires transmission of a restraining order or injunction relating to workplace violence issued under the Statute to be transmitted either to the law enforcement agency having jurisdiction over the residence of the petitioner, or to the Department of Justice, of which the Attorney General is the head. *See* Cal. Civ. Proc. Code § 527.8(q). According to plaintiffs, this involvement establishes a sufficient connection to deny Eleventh Amendment immunity to the Attorney General. Dkt. No. 34, at 6. However, Section 527.8(q) simply provides the mechanism by which a restraining order or injunction is provided to local law enforcement whose responsibility it will be to ensure the respondent complies with its terms. Section 527.8(q) provides that the restraining order or injunction shall be: (1) transmitted to petitioner's local law enforcement agency, *see* Cal. Civ. Proc. Code § 527.8(q)(2); or, alternatively (2) to a local law enforcement agency to enter into the California Law Enforcement Telecommunications System (CLETS), or, with the approval of the Department of Justice, entered directly into CLETS, *see id*. § 527.8(q)(3)(A)–(B). The Department of Justice (and by extension, the Attorney General) is therefore only incidentally involved in the enforcement of Section 527.8, by virtue of its authority over the CLETS system. This involvement does not rise to the level of direct enforcement powers such as in *Harris*, and is insufficient to nullify the Attorney General's Eleventh Amendment immunity.

Accordingly, because the FAC contains no factual allegations from which the court could plausibly conclude defendants have a "fairly direct" connection with the enforcement of Section 527.8, sovereign immunity bars the federal Section 1983 claims against both defendants.

**C. Amendment Could Not Cure the FAC's Deficiencies**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave

United States District Court
Northern District of California

to amend "should be freely granted when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id*. at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If amendment would be futile, a dismissal may be ordered with prejudice. *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.8 (9th Cir. 2014); *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

The only connection between defendants and the enforcement of Section 527.8 is the defendants' general duty to enforce and uphold California state law. Neither the Attorney General nor the Governor has a "fairly direct" connection with the enforcement of Section 527.8. Because the court can conceive of no facts which plaintiffs might allege to surmount defendants' sovereign immunity, the court finds that amendment would be futile. The court therefore dismisses the FAC with prejudice.

## III. ORDER

For the foregoing reasons, the court GRANTS defendants' motion to dismiss the FAC without leave to amend.

**IT IS SO ORDERED.**

Dated: August 14, 2015

Ronald M. Whyte
United States District Judge